**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000705**
**31-JUL-2018**
**08:00 AM**

NO. CAAP-15-0000705

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NANCY E. MCGEE, Plaintiff-Appellant/Appellant,
v. CAMPAIGN SPENDING COMMISSION, STATE OF HAWAII,
CALVIN K.Y. SAY, and FRIENDS OF CALVIN SAY, AN UNINCORPORATED
CANDIDATE COMMITTEE, Defendants-Appellees/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0491)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant-Appellant Nancy E. McGee (**McGee**)
appeals from the Order Dismissing [McGee's] Notice of Appeal
Filed on March 19, 2015 (**Dismissal Order**), and the Final Judgment
(**Judgment**), which were both entered on September 21, 2015, by the
Circuit Court of the First Circuit (**Circuit Court**).[1]

In this secondary appeal, McGee raises three points of
error, arguing that the Circuit Court erred when it: (1)
dismissed McGee's appeal from Defendant-Appellee-Appellee
Campaign Spending Commission (the **Commission's**) February 17, 2015
order dismissing McGee's complaint based on the Circuit Court's

---

[1] The Honorable Rhonda A. Nishimura presided.

lack of subject matter jurisdiction under Hawaii Revised Statutes (HRS) chapter 91 and HRS chapter 632; (2) failed to reverse the Commission's ruling due to the Commission's procedural errors and apparent partiality; and (3) failed to reverse the Commission's decision on substantive grounds.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve McGee's points of error as follows:

(1)  Defendant-Appellee-Appellee Calvin Say (Say) and Defendant-Appellee-Appellee Friends of Calvin Say (Friends of Say), as well as the Commission, contend that McGee did not have standing before the Circuit Court because she did not suffer an injury-in-fact as a result of the Commission's ruling on her complaint, which alleged that Say's use of campaign funds to defend a *quo warranto* action was prohibited.

(a)  McGee contends that she has standing pursuant to HRS § 91-14(a) (2012), which provides that "[a]ny person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review thereof." An aggrieved party is one "whose personal or property right has been injuriously or adversely affected by an agency's action." Life of the Land, Inc. v. Land Use Comm'n, 61 Haw. 3, 7, 594 P.2d 1079, 1082 (1979). "There must be special injury or damage to one's personal or property rights as distinguished from the role of being only a champion of causes." Id. (citation omitted).

Furthermore, "'person aggrieved' appears to be essentially synonymous with someone who has suffered 'injury in fact.'" AlohaCare v. Ito, 126 Hawai'i 326, 342, 271 P.3d 621, 637 (2012) (citation omitted). Whether a party has suffered an injury-in-fact is determined under a three-part test: "(1) whether the person 'has suffered an actual or threatened injury as a result of the [agency's decision],' (2) whether 'the injury is fairly traceable to the [agency's decision],' and (3) whether 'a favorable decision would likely provide relief for [the person's] injury.'" Id. at 342-43, 271 P.3d at 637-38 (citation omitted). "The plaintiff must show a distinct and palpable injury to himself [or herself.] The injury must be distinct and palpable, as opposed to abstract, conjectural, or merely hypothetical." Akinaka v. Disciplinary Bd. of Hawai'i Supreme Court, 91 Hawai'i 51, 55, 979 P.2d 1077, 1081 (1999) (citations and quotation marks omitted).

In Akinaka, plaintiff Akinaka complained to the Office of Disciplinary Counsel (ODC) regarding an opposing party's attorneys. Id. at 54, 979 P.2d at 1080. When ODC investigated and declined to take disciplinary action, Akinaka sued in Circuit Court for (1) declaratory judgment that probable cause existed to prosecute the opposing attorneys, and (2) an injunction compelling ODC to bring disciplinary proceedings against the opposing attorneys. Id. The Hawai'i Supreme Court held:

> Because of the nature and purpose of our disciplinary process, we reiterate that Akinaka had no standing to file his complaint against appellees because (1) Akinaka has no recognizable interest in the outcome of the ODC's investigation against Kukahiko's attorneys, and, therefore,

(2) Akinaka was not injured by ODC's refusal to institute disciplinary proceedings against Kukahiko's attorneys.

Id. at 58, 979 P.2d at 1084. It then continued:

Akinaka's only function, as the complainant, in the disciplinary process is to supply evidence of the alleged attorney malfeasance to ODC. Akinaka has no right to dictate the course of an investigation or even compel ODC to take any action on his complaint. To conclude otherwise, as Akinaka would have us do, would mean that complainants, who have no actual stake in the outcome of disciplinary proceedings, could force ODC to conduct a full-scale investigation and hearing into every complaint it receives, regardless of whether that complaint is unfounded or frivolous.

Id. at 59, 979 P.2d at 1085 (citations omitted; emphasis added).

Here, McGee did not suffer a distinct, palpable injury to herself as a result of the Commission's summary dismissal. See id. McGee had no personal or property right at stake and had no recognizable interest in the outcome of the Commission's ruling. See Life of the Land, 61 Haw. at 7, 594 P.2d at 1082; Akinaka, 91 Hawai'i at 58, 979 P.2d at 1084.

Nor are we persuaded by McGee's contention that she was "aggrieved" and had "informational standing" because, in June 2014, McGee's purported request for a copy of a June 18, 2014 letter from Commission staff to Say was allegedly denied. McGee argues that but-for this denial and "other improper procedures," she would have been aware of HRS § 11-404 (Supp. 2017)[2] and

---

[2]     HRS § 11-404 provides:

§ 11-404   Initial determination by the commission. [When a party files a complaint to the Commission alleging a campaign spending violation, t]he commission shall promptly determine, without regard to chapter 91, to:
    (1)    Summarily dismiss the complaint;
    (2)    Investigate further;
    (3)    Make a preliminary determination; or
(    (4)    Refer the complaint to an appropriate prosecuting attorney for prosecution under section 11-411.

(Emphasis added).

4

applicable administrative rules, and she would have sought another avenue of recourse. We reject this argument. First, there is no such information request in the record. Second, McGee fails to allege sufficiently that her naiveté regarding HRS § 11-404 and applicable Hawai'i Administrative Rules was "fairly traceable" to the Commission's actions. See AlohaCare, 126 Hawai'i at 342-43, 271 P.3d at 637-38 (citation omitted). Instead McGee merely complains that "[t]he Commission's rules concerning public participation in enforcement were confusing." Third, McGee has not alleged a distinct, palpable injury to herself. See Akinaka, 91 Hawai'i at 55, 979 P.2d at 1081. Even if she had taken another avenue of recourse, McGee would not have had a cognizable interest in the outcome of that proceeding. See Id. at 58, 979 P.2d at 1084.

We also reject McGee's assertion that she had "procedural standing" to appeal because she was denied certain procedural rights, and because she had a concrete interest in Say and Friends of Say's campaign expenditures and in the Commission's handling of her complaint.

In order to establish a procedural injury, a plaintiff must show that:

> (1) the plaintiff has been accorded a procedural right, which was violated in some way . . . (2) the procedural right protects the plaintiff's concrete interests; and (3) the procedural violation threatens the plaintiff's concrete interests, thus affecting the plaintiff "personally[.]"

Sierra Club v. Dep't of Transp., 115 Hawai'i 299, 329, 167 P.3d 292, 322 (2007) (internal citation omitted). The "concrete interest requirement of the procedural standing doctrine 'is

5

essentially encompassed in the injury-in-fact test.'" Id. at 330, 167 P.3d at 323 (quoting Sierra Club v. Hawai'i Tourism Auth., 100 Hawai'i 242, 250 n.14, 59 P.3d 877, 885 n.14 (2002)). In Sierra Club v. Dep't of Transp., plaintiffs were able to establish concrete interests in an environmental assessment being performed before harbor improvements designed to facilitate a large inter-island ferry could take place, because one plaintiff was a paddling coach whose operations would be affected by the unloading of cars from the ferry, and another plaintiff surfed at the harbor and was concerned about the ferry's affect on his surf site. 115 Hawai'i at 330, 167 P.3d at 323.

Here, the Commission did not deny McGee any procedural right. The Commission addressed her agency complaint at a January 2015 meeting, and after allowing Say and Friends of Say to file a response, summarily denied McGee's complaint. McGee was accorded the full extent of her procedural rights under HRS § 11-404. Moreover, she had no concrete interest at stake. See Sierra Club v. Dep't of Transp., 115 Hawai'i at 329, 167 P.3d at 322. She did not allege how Say and Friends of Say's campaign expenditures injured her distinctly and palpably. See Akinaka, 91 Hawai'i at 55, 979 P.2d at 1081. Nor did she have a concrete interest affected by the Commission's handling of her complaint. McGee was akin to Akinaka, a complainant whose sole role was to supply evidence of the alleged misconduct, but who did not have the right to dictate the course of the investigation. See id. at 59, 979 P.2d at 1085.

For these reasons, we conclude that McGee lacked standing to appeal to the Circuit Court under HRS § 91-14.

(b) McGee further contends that she had standing to bring an action pursuant to HRS § 91-7, that she asked the Circuit Court to alternatively construe her notice of appeal as an original complaint, and that the Circuit Court erred in concluding that it did not have jurisdiction over McGee's claim for relief pursuant to HRS § 91-7 because she had not filed an original action challenging the validity of the Commission's rules. HRS § 91-7 (2015 & Supp. 2017) provides that "[a]ny interested person may obtain a judicial declaration as to the validity of an agency rule . . . by bringing an action against the agency in the circuit court[.]" (Emphasis added). An interested person under HRS § 91-7 need not meet an injury-in-fact test. See Asato v. Procurement Policy Bd., 132 Hawai'i 333, 341, 322 P.3d 228, 236 (2014). An interested person under HRS § 91-7 is anyone whose interests "may" be adversely affected by the challenged rule. Id. at 342, 322 P.3d at 237. Under this standard, it appears that McGee has standing to seek a declaration, pursuant to HRS § 91-7, that the Commission failed to follow rulemaking procedures under HRS § 91-3 for practices related to complaints and investigations before the Commission.

Generally, a civil action, such as that under HRS § 91-7, is commenced "by filing a complaint with the court." Hawai'i Rules of Civil Procedure (**HRCP**) Rule 3 (emphasis added). However, the supreme court has recognized exceptions in agency appeals by concluding that the appellate filings with a circuit

court may sometimes act as complaints to commence original actions. See Matter of Eric G., 65 Haw. 219, 224, 649 P.2d 1140, 1144 (1982); see also Pub. Access Shoreline Haw. v. Haw. County Planning Comm'n, 79 Hawai'i 425, 430 n.5, 903 P.2d 1246, 1251 n.5 (1995).

In Matter of Eric G., parents of Eric G. complained that the State of Hawai'i Department of Education (DOE) "had not provided him with a free appropriate public education" as required by a federal funding statute, the Education For All Handicapped Children Act (20 U.S.C. § 1401, et seq.). 65 Haw. at 219-20, 649 P.2d at 1141. The DOE appointed an impartial hearings officer, who decided against the DOE. Id. at 220, 649 P.2d at 1141. The DOE then appealed to the Circuit Court, filing a notice of appeal to commence a "special proceeding." Id. The DOE cited 20 U.S.C. 1415(e)(2) (1990),[3] which allowed parties aggrieved by the decision at the hearing to bring a "civil action" in court. Id. at 224, 649 P.2d 1143-44.

The supreme court held:

> The misdesignation of the action as a "special proceeding," the mistaken label of the complaint as a "Notice of Appeal" . . . do not vitiate the clear statement in the "Notice of Appeal" that the proceeding below was based in part, at

---

[3]    20 U.S.C. § 1415(e)(2) (1990) provided in relevant part:

(e) Civil action; jurisdiction

. . . .

(2) Any party aggrieved . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section. . . . In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

least, on 20 U.S.C. s 1415(e)(2). **Substance controls over form.** A claim for relief was stated and thus dismissal was erroneous.

Id. at 224, 649 P.2d 1144 (emphasis added).

In Pub. Access Shoreline, parties that attempted to contest the issuance of a Special Management Area use permit appealed the Hawai'i County Planning Commission's ruling that they lacked standing. 79 Hawai'i at 430, 903 P.2d at 1251. In their appeal to the Circuit Court, they cited HRS § 91-14, but they also cited HRS § 205A-6,[4] which allows a party to sue an agency for noncompliance with HRS chapter 205A. Id. The supreme court stated:

> [A]ssuming that the primary jurisdiction doctrine does not apply because the HPC's decision-making process has concluded and there is no administrative appeal process to pursue, the circuit courts would appear to have original jurisdiction under HRS § 205A-6 to hear either a procedural or substantive challenge to the agency's action. **This would be the case notwithstanding a particular claimant's designation of the claim as an "appeal" rather than an original action.**

Pub. Access Shoreline, 79 Hawai'i at 430, n.5, 903 P.2d at 1251, n.5 (internal citations omitted; emphasis added).

Here, McGee filed a notice of appeal to the Circuit Court, in which she stated:

---

4        HRS § 205A-6 (2017) provides in relevant part:

> **§ 205A-6 Cause of action.** (a) Subject to chapters 661 and 662, any person or agency may commence a civil action alleging that any agency:
> (1)    Is not in compliance with one or more of the objectives, policies, and guidelines provided or authorized by this chapter within the special management area and the waters from the shoreline to the seaward limit of the State's jurisdiction; or
> (2)    Has failed to perform any act or duty required to be performed under this chapter; or
> (3)    In exercising any duty required to be performed under this chapter, has not complied with the provisions of this chapter.

> NOTICE IS HEREBY GIVEN that Plaintiff/Appellant NANCY E.
> MCGEE, pursuant to Haw. Rev. Stats. §§ 91-7, 91-8, and
> 91-14, appeal to the Circuit Court of the First Circuit from
> the final decision of Defendant-Appellee CAMPAIGN SPENDING
> COMMISSION in the Order Dismissing the Complaint filed
> February 17, 2015 attached as Exhibit 'W'.

Thusly, she appealed an agency decision, but also cited

HRS § 91-7,[5] which would otherwise allow her to bring a civil

action against the Commission, similar to the circumstances in

Pub. Access Shoreline. 79 Hawai'i at 430 n.5, 903 P.2d at 1251

n.5. Accordingly, we conclude that McGee had standing to seek

relief pursuant to HRS § 91-7 and that the Circuit Court erred

when it dismissed her claim under HRS § 91-7 because it did not

arise as an original action.

(c) McGee sought a declaratory ruling from the Circuit

Court, under HRS chapter 632, that "Say [and Friends of Say]

violated Campaign Spending rules by misusing funds for prohibited

purposes and personal expenses[.]"

"HRS ch. 632 is to be 'liberally interpreted and

administered, with a view to making the courts more serviceable

to the people[,]' HRS § 632-6, but nowhere does the law suggest

that this admonition trumps the standing requirement of a

'personal stake' or an 'injury in fact.'" Bremner v. City & Cty.

of Honolulu, 96 Hawai'i 134, 143, 28 P.3d 350, 359 (App. 2001).

---

[5]     Although her Notice of Appeal and Statement of the Case asserted
that the Circuit Court had jurisdiction under § 91-8, McGee's opening brief in
the Circuit Court appeal did not contain any argument regarding HRS § 91-8.
McGee presents no discernible argument in the instant appeal regarding the
Circuit Court's dismissal of her HRS § 91-8 claims, and thus waived any such
arguments. See Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695,
713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246,
151 P.3d 717, 727 (2007)).

In order to have standing to bring a declaratory judgment action under HRS 632-1, a plaintiff must allege that:

> (1) he or she has suffered an actual or threatened injury as a result of the defendant's wrongful conduct, (2) the injury is fairly traceable to the defendant's actions, and (3) a favorable decision would likely provide relief for the plaintiff's injury. The point of the first prong of the test is, that the plaintiff must show a distinct and palpable injury to himself or herself. The injury must be distinct and palpable, as opposed to abstract, conjectural, or merely hypothetical.

Bremner, 96 Hawai'i at 139-40, 28 P.3d at 355-56 (citations and quotation marks omitted) (applying this test in a declaratory judgment action arising under HRS chapter 632).

As discussed above, McGee does not allege that she suffered an actual or threatened injury that was traceable to Say and Friends of Say's campaign expenditures. See E & J Lounge Operating Co. v. Liquor Comm'n of City & Cty. of Honolulu, 118 Hawai'i 320, 346, 189 P.3d 432, 458 (2008). McGee had no personal stake in whether Say and Friends of Say's expenditures were proper. See Bremner, 96 Hawai'i at 143, 28 P.3d at 359. Therefore, McGee had no standing before the Circuit Court under HRS chapter 632.

(2) & (3) As we have concluded that McGee did not have standing to challenge the Commission's order dismissing the agency complaint, we need not reach her second and third points of error.

For the foregoing reasons, the Circuit Court's September 21, 2015 Judgment is vacated and the Circuit Court's September 21, 2015 Dismissal Order is affirmed in part and

11

vacated in part.   Paragraph (3) of the Dismissal Order is vacated; and, the Dismissal Order is affirmed in all other respects.   This case is remanded to the Circuit Court for further proceedings on McGee's request for a declaration, pursuant to HRS § 91-7, that the Commission failed to follow rulemaking procedures under HRS § 91-3 for practices related to complaints and investigations before the Commission.

DATED: Honolulu, Hawai'i, July 31, 2018.

On the briefs:

Lance D. Collins,
for Plaintiff-Appellant/
 Appellant.

Patricia Ohara,
Valri Lei Kunimoto,
Deputy Attorneys General,
State of Hawai'i,
for Defendant-Appellee/
 Appellee CAMPAIGN SPENDING
 COMMISSION, STATE OF HAWAI'I.

Bert T. Kobayashi, Jr.,
Lex R. Smith,
Maria Y. Wang,
(Kobayashi, Sugita & Goda),
for Defendants-Appellees/
 Appellees CALVIN K. Y. SAY
 and FRIENDS OF CALVIN SAY.

Presiding Judge

Associate Judge

Associate Judge